IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE LAYTON CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-1043-SLR |
| ) | |
| PERRY PHELPS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jermaine Layton Carter ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights and has filed several amendments and motions to supplement or to amend.[1] (D.I. 1, 3, 9, 10, 11)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips*

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

6. Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

7. **Discussion**. Plaintiff alleges that he "suffers from an imminent danger of serious physical injury" because he has not been placed in protective custody despite his repeated requests. He alleges that protective custody is necessary because inmates on his housing unit have labeled him as a serial rapist, snitch, and homosexual. Plaintiff has complained to several prison officials, but none of them has

3

responded to his requests to place him on protective custody. Defendant Perry Phelps was not among the individuals to whom plaintiff complained. Plaintiff seeks injunctive relief to ensure his placement in protective custody, to ensure that he is not housed with inmates of a violent background, and a policy change.

8. **Eighth Amendment**. To establish an Eighth Amendment violation based on a failure to prevent harm, an inmate must show (1) that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that a prison official was deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference" is a subjective standard. *See id.* at 837. A prison official must know of and disregard an excessive risk to inmate health or safety. *Id.* In *Farmer*, the Supreme Court did not address "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." *Farmer*, 511 U.S. at 834 n.3. Here, the allegations are that plaintiff's request to transfer him to protective custody have been ignored, despite his vulnerability to attack. *See e.g., Hamilton v. Leavy*, 117 F.3d 742, 747-48 (3d Cir. 1997) (issue of fact on question of official's knowledge of risk where inmate had a history of being assaulted, had been labeled a "snitch," and was placed in the general population despite a recommendation to the contrary); *Fletcher v. Phelps*, 639 F. App'x 85 (3d Cir. 2015) (unpublished) (fact issue remained whether sergeant took reasonable steps to protect prisoner after reporting his fear of assault).

9. **Personal Involvement**. Phelps is the only named defendant, although plaintiff refers to other prison officials in his complaint. "A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can

4

be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff's complaint makes no mention of Phelps other than to name him as a defendant and does not allege facts that, if proven, would show his personal involvement. Accordingly, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it appears that plaintiff may be able to articulate a claim against defendant or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

10. **Conclusion**. For the above reasons, the court will: (1) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1); (2) deny as moot plaintiff's motions for leave to amend and to supplement (D.I. 9, 10, 11); and (3) give plaintiff leave to amend the complaint. A separate order shall issue.

Dated: March 20, 2017

                                                                                 Senior United States District Judge